UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Community Medical Center Healthcare System,

    Plaintiff,

v.                                                                        Civil No. 09-1586 (JNE/JJG)
                                                                         ORDER

Ovation Pharmaceuticals, Inc., and Lundbeck, Inc.,

    Defendants.

      This is a putative class action brought by Community Medical Center Healthcare System (CMCHS) against Ovation Pharmaceuticals, Inc., and Lundbeck, Inc. (collectively, Defendants).[1] CMCHS claims that Defendants violated Section 2 of the Sherman Act, 15 U.S.C. § 2 (2006), by monopolizing the market for pharmaceutical treatments of premature infants born in the United States with patent ductus arteriosus. The case is before the Court on Defendants' Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6). For the reasons set forth below, the Court denies the motion.

      Defendants assert that the Complaint should be dismissed because CMCHS lacks standing to sue for damages for alleged violations of the federal antitrust laws. In support, Defendants contend that CMCHS did not directly purchase pharmaceuticals from them. *See Ill. Brick Co. v. Illinois*, 431 U.S. 720, 745-46 (1977); *Campos v. Ticketmaster Corp.*, 140 F.3d 1166, 1169-70 (8th Cir. 1998). Defendants also maintain that CMCHS failed to sufficiently allege that it received an assignment from a direct purchaser. *See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 439-40 (3d Cir. 1993). Although Defendants acknowledge that CMCHS alleged in its Complaint that it directly purchased pharmaceuticals

---

[1]     In March 2009, H. Lundbeck A/S acquired Ovation Pharmaceuticals, Inc., to form Lundbeck, Inc.

"[b]y and through an Assignment," Defendants contend that this "conclusory" allegation fails to establish CMCHS's standing. They also note that no assignment is attached to the Complaint.

CMCHS opposes Defendants' motion, contending that it sufficiently pleaded its receipt of an assignment and submitting a copy of the assignment "to remove any lingering questions." The assignment, dated one week before CMCHS brought this action, was executed by Cardinal Health, Inc. (Cardinal), and CMCHS. It provides in relevant part:

> Cardinal hereby conveys, assigns and transfers to *CMCHS* all rights, title and interest in and to all causes of action it may have against [Ovation Pharmaceuticals, Inc. and its associated U.S. companies] under the antitrust laws of the United States or of any State arising out of or relating to Cardinal's purchases of *NeoProfen and Indocin IV* which was subsequently resold to *CMCHS* during the period from *August 2005* to the date of this agreement or a future date to be agreed upon by the parties. This assignment includes Cardinal's status as a direct purchaser of all *NeoProfen and Indocin IV* described in the preceding sentence.

CMCHS contends that the Court may consider the assignment in deciding Defendants' motion because it is embraced by the Complaint.

Asserting in their reply that they are "unaware of any decision in which the court permitted the *plaintiff* to defeat a motion to dismiss by relying upon the contents of documents that it did not attach to the complaint," Defendants contend that CMCHS cannot remedy the alleged defects in its Complaint by submitting a copy of the assignment with its response. The Court rejects Defendants' argument. *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003) (concluding that documents offered by third-party plaintiff at and after hearing on third-party defendant's Rule 12(b)(6) motion could be viewed as attachments to third-party complaint). Because the assignment is embraced by CMCHS's Complaint, the Court considers it in deciding Defendants' motion.

Defendants point to no deficiency in the assignment itself. The assignment contains the very information that Defendants maintain CMCHS must allege to establish its standing.

2

Accordingly, the Court denies Defendants' motion. *See Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 831-32 (8th Cir. 2009) (summarizing standard of decision).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) [Docket No. 29] is DENIED.

Dated: October 15, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge